IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DIVISION OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| GULF SOUTH PIPELINE COMPANY, LP<br> *Plaintiff*, | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. \_\_\_\_ |
| | § | |
| BR-TX-359.000: 123.343 ACRES, MORE OR LESS, in the ASA Mitchell League, Abstract Number 96, Brazoria County, Texas; KENNETH EDWARD LAMB; SARAH COLEMAN LAMB; And CAPITAL FARM CREDIT, FLCA; | §<br>§<br>§<br>§<br>§<br>§ | |
| | § | |
| BR-TX-360.000, 362.000: 55.0 ACRES, MORE OR LESS, in the ASA Mitchell League, Abstract Number 96, Brazoria County, Texas; MICHAEL DALE PENNEY and GLENN D. SALYER; | §<br>§<br>§<br>§ | |
| | § | |
| BR-TX-361.000: 10.0 ACRES, MORE OR LESS in the ASA Mitchell League, Abstract Number 96, Brazoria County, Texas; MICHAEL D. PENNEY; MARGARET RENEE PENNEY; TEXAS GULF BANK, N.A.; and FIRST STATE BANK; | §<br>§<br>§<br>§<br>§ | |
| | § | |
| BR-TX-439.000: 8.0 ACRES, MORE OR LESS, in the Stephen F. Austin League, Abstract Number 22 and the Thomas W. Grayson League, Abstract Number 196, Brazoria County, Texas; and TYRUS JEFFERS; | §<br>§<br>§<br>§<br>§ | |
| | § | |
| BR-TX-439.500: 21.82 ACRES, MORE OR LESS, MORE OR LESS, in the Stephen F. Austin League, Abstract Number 22 and the Thomas W. Grayson League, Abstract Number 196, Brazoria County, Texas; CHARLES E. KOVAR; TONIA R. KOVAR; TEXAS DOW EMPLOYEES CREDIT UNION; and CAPITAL FARM CREDIT FLCA, | §<br>§<br>§<br>§<br>§<br>§<br>§ | |

1

| | |
|---|---|
| SUCCESSOR-IN-INTEREST TO FIRST AG CREDIT FLCA and | § § § |
| UNKNOWN OWNERS. | § § |
| *Defendants* | § |

## COMPLAINT IN CONDEMNATION

### Nature of the Case

1. Plaintiff Gulf South Pipeline Company, LP ("Gulf South"), pursuant to its power of eminent domain as authorized by Section 7h of the Natural Gas Act, 15 U.S.C. § 717f (h), and Federal Rule of Civil Procedure 71.1, files this action for: (i) the taking of certain interests in real property in the lands set forth above (the "Properties"); (ii) immediate entry and possession of the real property interests being taken; and (iii) the ascertainment and award of just compensation and damages to the Defendants named above (collectively the "Landowners") and any other interested parties.

### Jurisdiction and Venue

2. This Court has original jurisdiction in this matter pursuant to 28 U.S.C. § 1331 and Section 7(h) of the Natural Gas Act, 15 U.S.C. § 717f (h) because: (a) Gulf South is the holder of a Certificate of Public Convenience and Necessity authorizing it to, among others things, construct and operate a new 66-mile long, 36-inch diameter pipeline extension to its existing interstate pipeline system within Wharton and Brazoria counties, Texas; (b) pursuant to certificates issued by the Federal Energy Regulatory Commission ("FERC"), Gulf South is authorized to engage in the transportation of natural gas in interstate commerce and is, therefore, a natural gas company within the meaning of the Natural Gas Act, 15 U.S.C. Section 717 *et seq.*; (c) Gulf South, despite negotiation, has

been unable to reach agreements with the Landowners as to compensation for the easements and other interests necessary for construction and operation of the pipeline extension; (d) the interests in real property that Gulf South seeks to take by this eminent domain proceeding are located within Brazoria County, Texas; and (e) the value of each of the property interests to be taken exceeds $3,000.00 and/or the Landowners claim that the value of such interests exceeds $3,000.00. Gulf South has offered Landowners amounts in excess of $3,000.00 for the easement rights sought on each of the Properties, and these offers have not been accepted.

3. Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391(b) and 15 U.S.C. § 717f (h) as the Properties are located in Brazoria County, Texas.

**Parties**

4. Gulf South is a limited partnership organized and existing under the laws of the state of Delaware and is duly authorized to do business in the states of Texas, Louisiana, Mississippi, Alabama, and Florida. Gulf South's principal place of business is 9 Greenway Plaza, Suite 2800, Houston, Texas 77046. Boardwalk Pipeline Partners, LP is the corporate parent of Gulf South. Gulf South is an interstate natural gas company as defined by Section 717a(6) of the Natural Gas Act, 15 U.S.C. § 717 *et seq.*, and as such, is qualified to construct, own, operate, and maintain pipelines for the transmission of natural gas and constituents thereof. Gulf South's authorization to transport natural gas in interstate commerce is granted by and subject to the jurisdiction of FERC.

5. The Defendants in this action are the Properties from which the easements sought herein are taken; the Landowners; all other individuals and entities known to

possess interests in the Properties; and any unknown owners or other interested parties who may claim an interest in the Properties. The following list identifies each of the Properties by its Gulf South tract number and record legal description, the individual Defendants who Gulf South knows are record owners of or claim an interest in each of the Properties, and their service information:

    a. BR-TX-359.000: 123.343 ACRES, MORE OR LESS, in the ASA Mitchell League, Abstract Number 96, Brazoria County, Texas, as described by instrument recorded in County Clerk's file 2007003789 of the Official Public Records of Brazoria County, Texas, and as more particularly depicted and described on Exhibit 1 hereto (the "Lamb Property"); KENNETH EDWARD LAMB; SARAH COLEMAN LAMB; and CAPITAL FARM CREDIT;

- KENNETH EDWARD LAMB AND SARAH COLEMAN LAMB are residents of Brazoria County, Texas.  KENNETH EDWARD LAMB AND SARAH COLEMAN LAMB may be served with notice at 202 County Road 290, Angleton, Brazoria County, Texas 77515.

- CAPITAL FARM CREDIT is a Federal Land Credit Association. CAPITAL FARM CREDIT, FLCA successor-in-interest to FIRST AG CREDIT FLCA may be served with notice by serving its president and chief executive officer, Ben Novosad, or its branch manager, at its office located at 3000 Briarcrest Drive, Suite 601, Bryan, Brazos County, Texas 77802.

    b. BR-TX-360.000, 362.000: 55.0 ACRES, MORE OR LESS, in the ASA Mitchell League, Abstract Number 96, Brazoria County, Texas, as described by instrument recorded in County Clerk's file 2002057910 of the Official Public Records of Brazoria County, Texas, and as more particularly depicted and described on Exhibit 2 hereto (the "Penney/Salyer Property"); MICHAEL DALE PENNEY and GLENN D. SALYER;

- MICHAEL DALE PENNEY is a resident of Brazoria County, Texas. MICHAEL DALE PENNEY may be served with notice at 106 Pecan Orchard, Angleton, Brazoria County, Texas 77515.

- GLENN D. SALYER is a resident of Brazoria County, Texas. GLENN D. SALYER may be served with notice at 2203 Duncan Drive, Freeport, Brazoria County, Texas 77541.

c. BR-TX-361.000: 10.0 ACRES, MORE OR LESS, in the ASA Mitchell League, Abstract Number 96, Brazoria County, Texas, as described by instrument recorded in County Clerk's file 2004004503 of the Official Public Records of Brazoria County, Texas, and as more particularly depicted and described on Exhibit 3 hereto (the "Penney Property"); MICHAEL D. PENNEY; MARGARET RENEE PENNEY; TEXAS GULF BANK, N.A.; and FIRST STATE BANK;

- MICHAEL D. PENNEY and MARGARET RENEE PENNEY are residents of Brazoria County, Texas. MICHAEL D. PENNEY and MARGARET RENEE PENNEY may be served with notice at 106 Pecan Orchard, Angleton, Brazoria County, Texas 77515.

- TEXAS GULF BANK, N.A. is a national bank. TEXAS GULF BANK, N.A. may be served with notice by serving its registered agent, James F. Brown, Jr., at its registered address 203 This Way, Lake Jackson, Brazoria County, Texas 77566, or its president or branch manager at 203 This Way, Lake Jackson, Brazoria County, Texas 77566.

- FIRST STATE BANK is a Texas Financial Institution. FIRST STATE BANK may be served with notice by serving its registered agent, Bobby Sharp, at its registered address, 200 N. Brazosport Blvd., Clute, Brazoria County, Texas 77531.

d. BR-TX-439.000: 8.0 ACRES, MORE OR LESS, in the Stephen F. Austin League, Abstract Number 22 and the Thomas W. Grayson League, Abstract Number 196, Brazoria County, Texas, as described by instrument recorded in County Clerk's file 2003026114 and as described in Exhibit "A" in cause No. 27409 of the Official Public Records of Brazoria County, Texas, and as more particularly depicted and described on Exhibit 4 hereto (the "Jeffers Property"); and TYRUS JEFFERS;

- TYRUS JEFFERS is a resident of Brazoria County, Texas. TYRUS JEFFERS may be served with notice at 302 County Road 231, Freeport, Brazoria County, Texas 77541.

e. BR-TX-439.500: 21.82 ACRES, MORE OR LESS, in the Stephen F. Austin League, Abstract Number 22 and the Thomas W. Grayson League, Abstract Number 196, Brazoria County, Texas, as described by instrument

5

recorded in County Clerk's file 2003056475 of the Official Public Records of Brazoria County, Texas, and as more particularly depicted and described on Exhibit 5 hereto (the "Kovar Property"); CHARLES E. KOVAR; TONIA R. KOVAR; TEXAS DOW EMPLOYEES CREDIT UNION; and CAPITAL FARM CREDIT FLCA, successor-in-interest to FIRST AG CREDIT FLCA.

- CHARLES E. KOVAR and TONIA R. KOVAR are residents of Brazoria County, Texas. CHARLES E. KOVAR and TONIA R. KOVAR may be served with notice at 238 County Road 231, Freeport, Brazoria County, Texas 77541.

- TEXAS DOW EMPLOYEES CREDIT UNION is a TEXAS STATE FINANCIAL INSTITUTION. TEXAS DOW EMPLOYEES CREDIT UNION may be served with notice by serving its Registered Agent, Darla L. Grimes, at its registered address, 1001 FM 2004, Lake Jackson, Brazoria County, Texas 77566.

- CAPITAL FARM CREDIT, FLCA successor-in-interest to FIRST AG CREDIT FLCA is a Federal Land Credit Association. CAPITAL FARM CREDIT, FLCA successor-in-interest to FIRST AG CREDIT FLCA may be served with notice by serving its president and chief executive officer, Ben Novosad, or its branch manager, at its office located at 3000 Briarcrest Drive, Suite 601, Bryan, Brazos County, Texas 77802.

6. There may be other persons who have or claim an interest in the Properties to be condemned whose names are unknown to Gulf South because they could not be ascertained by diligent inquiry. These persons have been made parties to this action as Unknown Owners as permitted by Federal Rule of Civil Procedure 71.1(c)(3), and are being served with notice by publication pursuant to Federal Rule of Civil Procedure 71.1(d)(3)(B).

7. Attached to this Complaint as Exhibits 1 to 5 are Gulf South's certified easement plats and legal descriptions for the corresponding Properties subject to condemnation, which show the portion of the Properties subject to condemnation and the

route and location of the easements sought on each of the Properties, including the extent and location of the permanent easements, temporary workspaces, and temporary access roads as applicable to each of the Properties. *See* Exhibits 1-5.

## Facts and Relief Requested

8. Gulf South is in the business of transporting natural gas in interstate commerce pursuant to authorization granted by FERC. As such, Gulf South is subject to the jurisdiction of FERC.

9. Gulf South currently owns and operates approximately 7,240 miles of interstate pipeline facilities extending from south and east Texas through Louisiana, Mississippi, southern Alabama, and western Florida.

10. On June 20, 2016, FERC issued to Gulf South a Certificate of Public Convenience and Necessity (the "Certificate") authorizing Gulf South to construct and operate two new compressor stations and to expand a third on its existing Index 129 system in Fort Bend, Harris, Polk, and Sabine Counties, Texas, and to construct and operate a new 66-mile-long, 36-inch-diameter pipeline lateral (the "Pipeline") and new compressor station in Wharton and Brazoria Counties, Texas. The project, known as the "Coastal Bend Header Project," will enable Gulf South to transport up to 1.42 billion cubic feet per day of natural gas to Freeport LNG Development, LP's liquefaction and export terminal on Quintana Island in Brazoria County, Texas. A copy of the Certificate is attached as Exhibit 6. A copy of Gulf South's letter to FERC in which it accepted the terms of the Certificate is attached as Exhibit 7.

11. The Certificate requires the Coastal Bend Header Project facilities, including the Pipeline, to be in-service by June 20, 2018. *See* <u>Exhibit 6 at p. 40.</u> Gulf South's contractual agreements with shippers on the Coastal Bend Header Project require the facilities to be in service by February 1, 2018.

12. Gulf South has scheduled commencement of construction work on the Pipeline for January, 2017. Gulf South *must* begin construction work by January, 2017 to ensure compliance with FERC's construction schedule, completion of the project within FERC and the shippers' deadlines, adherence to environmental regulations,[1] and an adequate supply of construction labor, for which Gulf South must contract months in advance of project initiation.

13. In order to timely construct, operate and maintain the Pipeline, as approved by FERC, it is necessary that Gulf South have and obtain a permanent easement and right of way along the route and location over, through, upon, under, and across the Properties (the "Permanent Easements"), as well as the temporary workspaces ("Temporary Workspaces"), and temporary access roads ("Temporary Access Roads") as are more definitely depicted and described on <u>Exhibits 1 to 5</u>, the terms of which are described in more detail below. The Permanent Easements, Temporary Workspaces, and Temporary Access Roads will hereafter be collectively referred to as the "Easements". Gulf South has reached voluntary agreements with many landowners for acquisition of the necessary

---

[1] In this case, for instance, FERC has required Gulf South to develop a Migratory Bird Conservation Plan (the "Plan") to minimize the Coastal Bend Header project's effects on riparian, wetland, and upland areas that provide habitat to migratory birds during the nesting season that extends from April 1 to August 15. Under the Plan, Gulf South is required to complete all tree-clearing activities necessary for pipeline construction by April 1, 2017. Tree clearing activities in compliance with the Plan are required on each of the Properties.

Easements in Brazoria County, Texas, but has been unable to reach voluntary agreements with the Landowners and Properties named herein despite good faith and bona fide efforts.

14. Specifically, Gulf South seeks to acquire the rights and interests set forth herein in the Properties:

- (a) **Lamb Property (BR-TX-359.000)**
    - (i)   Permanent Easement:         1.01 acres
    - (ii)  Temporary Workspace:        1.08 acres
    - (iii) Temporary Access Road       .15 acres

- (b) **Penney/Salyer Property (BR-TX-360.000, 362.000)**
    - (i)   Permanent Easement:         1.62 acres
    - (ii)  Temporary Workspace:        1.48 acres
    - (iii) Temporary Access Road       1.21 acres

- (c) **Penney Property (BR-TX-361.000)**
    - (i)   Permanent Easement:         .30 acres
    - (ii)  Temporary Workspace:        .36 acres
    - (iii) Temporary Access Road       .16 acres

- (d) **Jeffers Property (BR-TX-439.000)**
    - (i)   Permanent Easement:         .62 acres
    - (ii)  Temporary Workspace:        .79 acres

- (e) **Kovar Property (BR-TX-439.500)**
    - (i)   Permanent Easement:         .62 acres

    (ii)  Temporary Workspace:   .54 acres

 15. The Easements are sought for, necessary for, and to be used for the purposes of constructing, reconstructing, renewing, operating, maintaining, protecting, inspecting, repairing, changing the size of, abandoning-in-place, removing and/or relaying one pipeline, not to exceed 36 inches nominal diameter, and conduit(s) for the transmission of communication signals related to the aforementioned uses, together with such valves, pipes, fittings, meters, corrosion control devices, wires, cables and other equipment and appurtenances (collectively the "Facilities"), whether above or below ground, as may be necessary or convenient for the transportation of natural gas and its constituents, for the protection of said Facilities, or for the maintenance of the Easements. The Permanent Easements shall be approximately 50 feet in width, located as depicted and described in Exhibits 1-5. The Temporary Workspaces and Temporary Access Roads are located and sized as depicted and described in Exhibits 1-5. Gulf South seeks the use of the Permanent Easements for the purposes set forth herein until such time as Gulf South releases it rights. Gulf South seeks the use of the Temporary Workspaces and Temporary Access Roads only during construction of the Facilities and any periods of restoration work, anticipated not to exceed June 30, 2018. After Gulf South has completed its construction of the Facilities and any restoration work, Gulf South's interest in the Temporary Workspaces and Temporary Access Roads will revert to the Landowners. Gulf South may select the location of its Facilities within the Permanent Easements.

16.     The Permanent Easements include a permanent right of ingress, egress, entry and access in, to, through, on, over, under, and across the Permanent Easements, and where the same intersect the boundaries of the Properties or any public road, public easement, or easements held by Gulf South on other property contiguous to the Permanent Easements, for any and all purposes necessary and/or incident to the rights sought hereunder. During construction of the Facilities and any period of restoration, these same rights of ingress, egress, entry and access shall also apply to the Temporary Workspaces. During construction of the Facilities and any period of restoration, Gulf South shall also have the right of ingress, egress, entry and access in, to, through, on, over, under, and across the Permanent Easements and Temporary Workspaces by use of the Temporary Access Roads depicted or described on <u>Exhibits 1-3</u>, for any and all purposes necessary and/or incident to Gulf South's construction of the Facilities or restoration work. Gulf South may construct roads or improve existing roads within the Temporary Access Roads easement areas. Gulf South shall repair any damage to roads caused by Gulf South.

17.     The Landowners shall retain the right to fully use and enjoy the Permanent Easements (including, but not limited to, the cultivation of crops within the area of the Permanent Easements) except to the extent such uses interfere with the rights of Gulf South. Landowners shall not build, create or construct, nor allow to be built, created or constructed, any obstruction (including, but not limited to, impounded water), building, improvement or other structure within the Permanent Easements, nor shall the Landowners place, nor allow to be placed, any trees or debris on the Permanent

Easements, nor reduce the depth of the cover of the ground over the Facilities. Gulf South shall have the right to clear and keep the Easements cleared of trees, shrubs, brush, or other debris during their term.

18. The surface of the Permanent Easements and Temporary Workspaces will be filled, leveled, and graded after the original construction of the Facilities is completed, so as to restore the surface as nearly as practicable to its original level, grade, drainage and condition.

19. Gulf South is acquiring the right to cathodically protect its Facilities within the boundaries of the Permanent Easements, and to place pipeline markers, vents, and cathodic protection test leads and other corrosion control devices above the ground within the Permanent Easements. Gulf South will have no other aboveground Facilities within the Permanent Easements. Gulf South shall have no right to fence off or enclose the Permanent Easements.

20. Landowners shall have the right to install and maintain cross-fences across, but not along and within, the Permanent Easements at angles greater than forty-five degrees, provided that such fences do not interfere with or threaten the Facilities, and provided further that Gulf South reserves the right to install gates within fences located on or within the boundaries of the Permanent Easements. In the event it becomes necessary for Gulf South to cut any fences within the boundaries of the Easements, before cutting such fences Gulf South shall first set brace posts and attach the existing fencing to such brace posts. In that event, Gulf South shall use wire gaps or temporary gates to prevent cattle or livestock from entering or leaving the Properties. After

completion of construction activities, Gulf South will remove the wire gaps or temporary gates, and restore the fencing to at least as good condition as the same were in, as near as practical.

21. Gulf South does not seek to acquire, but reserves to Landowners, all oil, gas, and other minerals in, on and under the Easements; provided that Landowners shall not be entitled to drill, explore, or excavate for minerals on the surface of the Easements during their term, but will be permitted to extract oil, gas and other minerals from under the Easements by directional drilling or other means so long as such activities do not damage, endanger, disturb, injure and/or interfere with Gulf South's use of the Easements.

22. Gulf South shall have the right to assign the Easements, in whole or in part, subject to any applicable regulatory approval.

23. It is in the public interest and necessity that the Easements described in <u>Exhibits 1-5</u> be acquired, and, given the parties' inability to reach mutually agreeable terms of acquisition, the Easements must be acquired via condemnation.

24. Gulf South requests confirmation of its authority to exercise eminent domain and the right for immediate possession of and access to the Easements to complete the Coastal Bend Header Project as approved by FERC and described herein.

25. Gulf South has negotiated with the Landowners in good faith and made bona fide offers to acquire the Easements, but has been unable to obtain such rights by contract, or to agree with the Landowners upon the just compensation to be paid.

26. Pursuant to the authority granted to it by the Natural Gas Act, 15 U.S.C. § 717f(h), Gulf South now seeks to take by eminent domain the Easements depicted on Exhibits 1-5 and described herein.

27. Gulf South requests a trial for the purpose of determining just compensation pursuant to Federal Rule of Civil Procedure 71.1(h).

28. Pursuant to Federal Rule of Civil Procedure 71.1(d)(3)(B), Gulf South requests authorization to serve any of the Unknown Owners by publication.

29. Pursuant to Federal Rule of Civil Procedure 71.1(d), the requisite notices to the Defendants are attached hereto and submitted to the clerk of court.

**WHEREFORE**, Gulf South respectfully requests that this Court:

1. Deem the notices submitted herewith pursuant to Federal Rule of Civil Procedure 71.1(d), to be good and sufficient;

2. Enter judgment condemning the property interests set forth in this Complaint and the exhibits attached hereto;

3. Enter an order confirming Gulf South's authority to exercise eminent domain;

4. Enter an order awarding Gulf South immediate possession of access to the property interests subject to this action;

5. After awarding Gulf South immediate possession, determine the just compensation to be paid by Gulf South to each of the Landowners for the property interests subject to this action;

6. Enter judgment, providing that upon deposit into the Court's registry by Gulf South of the amount of just compensation determined in this action, ownership and title of the Easements shall vest in Gulf South, free and clear of all liens and encumbrances and other charges of whatsoever nature and free and clear of all right, title, and interest of the Defendants; and

7. Order such further and other relief as Gulf South may be entitled to as a matter of equity or law.

Respectfully Submitted,

**GULF SOUTH PIPELINE COMPANY, LP**
By Counsel

/s/ J. Robin Lindley
J. Robin Lindley (State Bar No. 12366100)
Andrew C. Wright (State Bar No. 24063077)
**BUCK KEENAN LLP**
2229 San Felipe, Suite 1000
Houston, Texas 77019
(713) 225-4500
(713) 225-3719 (fax)
lindley@buckkeenan.com
wright@buckkeenan.com

*Counsel for Gulf South Pipeline Company, LP*