IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| GULF SOUTH PIPELINE COMPANY, LP, <br>    Plaintiff, <br><br> v. <br><br> BR-TX-359.000: 123.343 ACRES, MORE OR LESS, in the ASA Mitchell League, Abstract Number 96, Brazoria County, Texas; KENNETH EDWARD LAMB; SARAH COLEMAN LAMB; And CAPITAL FARM CREDIT, FLCA; <br><br> BR-TX-360.000, 362,000: 55.0 ACRES, MORE OR LESS, in the ASA Mitchell League, Abstract Number 96, Brazoria County, Texas; MICHAEL DALE PENNEY and GLENN D. SALYER; <br><br> BR-TX: 361.00: 10.0 ACRES, MORE OR LESS, in the ASA Mitchell League, Abstract Number 96, Brazoria County, Texas; MICHAEL D. PENNEY; MARGARET RENEE PENNEY; TEXAS GULF BANK, N.A.; and FIRST STATE BANK; <br><br> BR-TX-439.000: 8.0 ACRES, MORE OR LESS, in the Stephen F. Austin League, Abstract Number 22 and the Thomas W. Grayson League, Abstract Number 196, Brazoria County, Texas; and TYRUS JEFFERS; <br><br> BR-TX-439.500: 21.82 ACRES, MORE OR LESS, in the Stephen F. Austin League, Abstract Number 22 and the | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | **CIVIL ACTION NO. 3:16-cv-00205** |

1

| | |
|---|---|
| Thomas W. Grayson League, Abstract Number 196, Brazoria County, Texas; CHARLES E. KOVAR; TONIA R. KOVAR; TEXAS DOW EMPLOYEES CREDIT UNION; and CAPITAL FARM CREDIT, FLCA, SUCCESSOR-IN-INTEREST TO FIRST AG CREDIT, FLCA; and<br><br>UNKNOWN OTHERS,<br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

## DEFENDANTS KENNETH EDWARD LAMB AND SARAH COLEMAN LAMB'S ANSWER, OBJECTIONS, AFFIRMATIVE DEFENSES, DEMAND FOR ADEQUATE COMPENSATION AND STATE PROCEDURAL PROTECTIONS, AND DEMAND FOR JURY TRIAL

Defendants Kenneth Edward Lamb and Sarah Coleman Lamb ("the Lamb Defendants") hereby file this Answer, Objections, Affirmative Defenses, Demand for Adequate Compensation and State Procedural Protections, and Demand for Jury Trial.

### ANSWER

1.  The Lamb Defendants deny that Plaintiff Gulf South Pipeline Company, LP ("Gulf South") has the power to take the Lamb Defendants' property pursuant to 15 U.S.C. §717f(h). The Lamb Defendants also deny that Gulf South has a right to immediate entry and possession of the Lamb Defendants' property.

2.  The Lamb Defendants deny that this Court has original jurisdiction in this matter under 28 U.S.C. §1331 and 15 U.S.C. §717f(h). The Lamb Defendants deny that

Gulf South holds a valid Certificate of Public Convenience and Necessity from the Federal Energy Regulatory Commission ("FERC"). The Lamb Defendants lack sufficient knowledge to admit or deny that Gulf South is a natural gas company within the meaning of the Natural Gas Act, 15 U.S.C. Section 717 *et seq*. The Lamb Defendants deny that they have claimed a specific amount of compensation for their interests at this time. The Lamb Defendants admit the remaining allegations in paragraph 2 of the Complaint.

3. The Lamb Defendants admit they own real property in fee, 123.343 acres, more or less, in the ASA Mitchell League, Abstract Number 96, in Brazoria County, Texas, located in this district and that venue would be proper in this Court if the Court had jurisdiction over this matter, but the Lamb Defendants deny that the Court has jurisdiction over this matter.

4. The Lamb Defendants lack sufficient information to admit or deny the allegations in paragraph 4 of the Complaint, and call for strict proof thereof.

5. The Lamb Defendants admit they own real property in fee, 123.343 acres, more or less, in the ASA Mitchell League, Abstract Number 96, in Brazoria County, Texas, located in this district but lack sufficient information to admit or deny the allegations in paragraph 5 of the Complaint, and call for strict proof thereof; as to the property descriptions, the documents speak for themselves, but the Lamb Defendants do not admit the accuracy of any information contained therein.

6. The Lamb Defendants lack sufficient information to admit or deny the

allegations in paragraph 6 of the Complaint, and call for strict proof thereof.

7. The Lamb Defendants are not required to respond to paragraph 7 of the Complaint, and call for strict proof thereof; as to the Exhibits attached, the documents speak for themselves, but the Lamb Defendants do not admit the accuracy of any information contained therein.

8. The Lamb Defendants lack sufficient information to admit or deny the allegations in paragraph 8 of the Complaint, and call for strict proof thereof.

9. The Lamb Defendants lack sufficient information to admit or deny the allegations in paragraph 9 of the Complaint, and call for strict proof thereof.

10. The Lamb Defendants admit that on June 20, 2016, FERC issued what appears to be a Certificate of Public Convenience and Necessity (the "Certificate") to Gulf South. The Lamb Defendants deny, however, that FERC had the jurisdiction or authority to do so. The Lamb Defendants lack sufficient information to admit or deny the other allegations in paragraph 10 of the Complaint, and call for strict proof thereof; as to the Exhibits attached, the documents speak for themselves, but the Lamb Defendants do not admit the accuracy of any information contained therein.

11. The Lamb Defendants lack sufficient information to admit or deny the allegations in paragraph 11 of the Complaint, and call for strict proof thereof.

12. The Lamb Defendants lack sufficient information to admit or deny the allegations in paragraph 12 of the Complaint, and call for strict proof thereof.

13. The Lamb Defendants lack sufficient information to admit or deny the

allegations in paragraph 13 of the Complaint, and call for strict proof thereof.

14. The Lamb Defendants lack sufficient information to admit or deny the allegations in paragraph 14 of the Complaint, and call for strict proof thereof; as to the rights and interests described, the documents speak for themselves, but the Lamb Defendants do not admit the accuracy of any information contained therein.

15. The Lamb Defendants lack sufficient information to admit or deny the allegations in paragraph 15 of the Complaint, and call for strict proof thereof; as to the Exhibits attached, the documents speak for themselves, but the Lamb Defendants do not admit the accuracy of any information contained therein.

16. The Lamb Defendants lack sufficient information to admit or deny the allegations in paragraph 16 of the Complaint, and call for strict proof thereof.

17. The Lamb Defendants lack sufficient information to admit or deny the allegations in paragraph 17 of the Complaint, and call for strict proof thereof.

18. The Lamb Defendants lack sufficient information to admit or deny the allegations in paragraph 18 of the Complaint, and call for strict proof thereof.

19. The Lamb Defendants lack sufficient information to admit or deny the allegations in paragraph 19 of the Complaint, and call for strict proof thereof.

20. The Lamb Defendants lack sufficient information to admit or deny the allegations in paragraph 20 of the Complaint, and call for strict proof thereof.

21. The Lamb Defendants are not required to respond to paragraph 21 of the Complaint.

22. The Lamb Defendants are not required to respond to paragraph 22 of the Complaint.

23. The Lamb Defendants deny the allegations in paragraph 23 of the Complaint, and call for strict proof thereof; as to the Exhibits attached, the documents speak for themselves, but the Lamb Defendants do not admit the accuracy of any information contained therein.

24. The Lamb Defendants are not required to respond to paragraph 24 of the Complaint.

25. The Lamb Defendants deny that Gulf South has negotiated in good faith and made bona fide offers to acquire the easement it seeks. The Lamb Defendants admit that Gulf South has been unable to obtain easement rights by contract or to agree with the Lamb Defendants on the amount of compensation.

26. The Lamb Defendants deny that Gulf South has been granted proper authority under the Natural Gas Act (15 U.S.C. §§ 717 *et seq.*) to exercise the right of eminent domain and take the Lamb Defendants' property.

27. The Lamb Defendants are not required to respond to paragraph 27 of the Complaint.

28. The Lamb Defendants are not required to respond to paragraph 28 of the Complaint.

29. The Lamb Defendants are not required to respond to paragraph 29 of the Complaint.

## OBJECTIONS TO REQUESTED RELIEF

30. The Lamb Defendants object to a judgment condemning the property interests set forth in the Complaint, as the Court lacks jurisdiction over this matter and therefore cannot enter a valid judgment.

31. The Lamb Defendants object to an order confirming Gulf South's authority to exercise eminent domain, as the Court lacks jurisdiction over this matter and therefore cannot issue a valid order.

32. The Lamb Defendants object to an order awarding Gulf South immediate possession of access to the property interests subject to this action, as (1) the Court lacks jurisdiction over this matter and therefore cannot issue a valid order and (2) Gulf South has not been delegated such authority by the United States Congress within the Natural Gas Act (15 U.S.C. §§ 717 *et seq.*).

33. The Lamb Defendants object to the Court determining just compensation, as the Court lacks jurisdiction over this matter and therefore cannot make such a determination.[1]

34. The Lamb Defendants object to a judgment vesting title in the Easements to Gulf South, as (1) Gulf South has no right to take such title and (2) the Court lacks jurisdiction over this matter and therefore cannot enter a valid judgment.

---

[1] The Lamb Defendants object to the application of the federal standard of "just compensation" in the Fifth Amendment to the United States Constitution for a taking by a private natural gas transmission company pursuant to FED. R. CIV. P. 71.1. Plaintiff is not the federal government, but is instead a private natural gas transmission company. As such, because the Court is to apply the substantive law of the state containing the property taken, the Lamb Defendants are entitled to application of the state standard of "adequate compensation" pursuant to the Texas Constitution. *See* 15 U.S.C. §717f(h); TEX. CONST. Art. 1, §17.

35. The Lamb Defendants object to Gulf South being granted any other or further relief in this Court, whether in law or equity, as the Court lacks jurisdiction over this matter and therefore has no authority to grant any relief whatsoever to Gulf South.

36. The Lamb Defendants reserve objections as to any further relief sought by Gulf South.

## AFFIRMATIVE DEFENSES

37. The Court lacks subject-matter jurisdiction over this case because the case falls under the carve-out for "Hinshaw Pipelines" in 15 U.S.C. §717(c). Specifically, it is clear from the face of the Certificate that Gulf South seeks to build natural-gas infrastructure that falls under 15 U.S.C. §717(c)—which means that the infrastructure is not subject to federal jurisdiction.

38. The Court also lacks subject-matter jurisdiction over this case because the Lamb Defendants have not yet claimed entitlement to an amount of compensation. *See* 15 U.S.C. §717f(h) ("the United States district courts shall only have jurisdiction of cases when the amount claimed by the owner of the property to be condemned exceeds $3,000."). The Lamb Defendants will not know what their property interests are worth until determined by an expert.

39. The Lamb Defendants request that, if the Court does render a judgment or decree, the Court only allow a taking of the quality and quantity of estate necessary to accomplish the public purpose set forth in the Complaint with respect to the rights sought by Gulf South. To this end, the Lamb Defendants request additional opportunity for

discovery before any adjudication of their property rights and/or Gulf South's right to take their property.

## DEMAND FOR ADEQUATE COMPENSATION AND STATE PROCEDURAL PROTECTIONS

40. Because Gulf South is a private natural-gas transmission company, "the practice and procedure in [this action] . . . shall conform as nearly as may be with the practice and procedure in similar action or proceeding in the courts of the State where the property is situated." 15 U.S.C. §717f(h). Accordingly, the Lamb Defendants are entitled to application of the state standard of "adequate compensation" pursuant to Article I, §17 of the Texas Constitution. The Lamb Defendants are also entitled to the procedural protections laid out in Chapter 21 of the Texas Property Code.

## DEMAND FOR JURY TRIAL

41. If the Court does not dismiss this case for lack of jurisdiction, then, pursuant to Federal Rule of Civil Procedure 71.1(h)(1)(B), the Lamb Defendants demand a jury trial on all issues and respectfully ask the Court to empanel a jury pursuant to state substantive law.

WHEREFORE, the Lamb Defendants pray this Court dismiss this case for lack of jurisdiction; if this Court does not dismiss this case for lack of jurisdiction, then the Lamb Defendants request compensation be determined by jurors; that the Lamb Defendants be awarded compensation for the value of their property taken and all damages to their

remaining property as allowed under the applicable law; and to all such other and further relief, in law or equity, as to which they are entitled.

        Respectfully submitted,

        **JOHNS MARRS ELLIS & HODGE LLP**

        /s/ Justin Hodge
        Justin Hodge ("Attorney-in-Charge")
        Texas Bar No. 24036791
        Southern District Id. No. 35824
        jhodge@jmehlaw.com
        Zev Kusin
        Texas Bar No. 24070096
        Southern District Id. No. 1636769
        zkusin@jmehlaw.com
        Kyle Baum
        Texas Bar No. 24082664
        Southern District Id. No. 1795732
        kbaum@jmehlaw.com
        500 Dallas Street, Suite 500
        Houston, Texas 77002
        Telephone: (713) 609-9503
        Facsimile: (713) 583-5825

        **ATTORNEYS FOR DEFENDANTS KENNETH EDWARD LAMB AND SARAH COLEMAN LAMB**

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of September 2016, a true and correct copy of the foregoing was sent to the following:

J. Robin Lindley                                                                                  *Via CM/ECF*
lindley@buckkeenan.com
Andrew C. Wright
wright@buckkeenan.com
**BUCK KEENAN LLP**
2229 San Felipe, Suite 1000
Houston, Texas 77019
Telephone: 713-225-4500
Facsimile: 713-225-3719
*Attorneys for Gulf South Pipeline Company, LP*

/s/ Justin Hodge
Justin Hodge