# JOHNS MARRS ELLIS & HODGE LLP

500 DALLAS STREET, SUITE 1350
HOUSTON, TEXAS 77002
MAIN: 713.609.9503   |   FAX: 713.583.5825

October 26, 2016

Honorable George C. Hanks, Jr.
United States District Judge,
 Southern District of Texas
United States Courthouse
601 Rosenberg, Sixth Floor
Galveston, Texas 77550
*Via e-file*

    Re:    Hearing on Plaintiff's Motion for Preliminary Injunction; *Gulf South Pipeline Company, LP v. Kenneth Edward Lamb, et al*. (Civil Action No. 3:16-cv-00205)

Dear Judge Hanks:

    On Monday you notified the parties of a November 4, 2016 hearing on Gulf South's motion for preliminary injunction, which seeks immediate possession of Defendants' property. *See* Doc. 49. Out of an abundance of caution and a concern for conflict with existing case law, I write to respectfully request that the Court postpone the hearing until after it has ruled on Gulf South's pending motion for partial summary judgment (Doc. 48), as that motion concerns issues the Court must resolve before ruling on Gulf South's request for immediate possession.

    As argued in their previously filed letter brief (Doc. 29), Defendants believe that the pipeline project at issue in this case may be entirely intrastate—which, if the case, means that the Court lacks jurisdiction over this matter and that Gulf South cannot establish its right to take. Gulf South's motion for partial summary judgment addresses these issues, and Defendants' forthcoming response to that motion will explain why, at a minimum, further discovery is necessary before the Court can rule as a matter of law that it has jurisdiction over this matter and that Gulf South has the right to take Defendants' property. The case law makes clear that the Court is to rule on these issues *before* addressing Gulf South's motion for preliminary injunction. *See Progressive Premier Ins. Co. of Ill. v. Fairfield Motor Servs.*, No. 09C139, 2009 WL 90107, at *1 (N.D. Ill. Jan. 4, 2009) ("It is of course fundamental that subject matter jurisdiction is a threshold inquiry for every federal court— . . . the first order of business in a newly-filed action."). Even in cases that hold condemnors have "quick-take" rights, courts uniformly recognize the need to confirm the right to take before granting possession. *See, e.g., E. Tenn. Nat. Gas Co. v. Sage*, 361 F.3d 808, 823 (4th Cir. 2004) ("[O]*nce ETNG's right to take the easements was determined*, it was proper for the district court to consider ETNG's . . . requests for preliminary injunctions granting immediate possession.") (emphasis added). This makes sense, as there would be no way to undo the harm that would result if a condemnor were

granted possession, altered a condemnee's property, and then turned out not to have possessed the right to take.

Counsel for Defendants have conferred with counsel for Gulf South, who indicated that Gulf South opposes postponing the hearing on its motion for preliminary injunction.

Respectfully submitted,

Justin Hodge

*Attorney for Defendants Kenneth Edward Lamb, Sarah Coleman Lamb, Michael Dale Penney, Glenn D. Salyer, Michael D. Penney, Margaret Renee Penney, Tyrus Jeffers, Charles E. Kovar and Tonia R. Kovar*

### CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2016, a true and correct copy of the foregoing was served on the following by CM/ECF:

J. Robin Lindley
Andrew Wright
Buck Keenan LLP
2229 San Felipe, Suite 1000
Houston, Texas 77019
*Attorneys for Plaintiff, Gulf South Pipeline Company, LP*

Tommy J. Swann
MCCLESKY, HARRIGER, BRAZILL & GRAF, LLP
5010 University Avenue, Fifth Floor
Lubbock, Texas 79413-4422
*Attorneys for Defendant Capital Farm Credit, FLCA*

    /s/ Justin Hodge
Justin Hodge