United States District Court
Southern District of Texas
**ENTERED**
November 22, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| GULF SOUTH PIPELINE COMPANY, LP, | § § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:16-CV-205 |
| | § | |
| KENNETH EDWARD LAMB, *et al*, | § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Gulf South Pipeline Company, LP ("Gulf South") filed a Complaint in Condemnation on August 8, 2016. Dkt. 1. Gulf South received a Certificate of Public Convenience and Necessity ("certificate") from the Federal Energy Regulatory Commission ("FERC" or "Commission"). The certificate authorizes Gulf South to, "among others things, construct and operate a new 66-mile long, 36-inch diameter pipeline extension to its existing interstate pipeline system within Wharton and Brazoria counties, Texas." Dkt. 1, at 2. The Defendants ("Landowners") own the five parcels of land over which construction of the pipeline is authorized. Gulf South alleges that it has been unsuccessful in contracting with the Landowners to secure access to the properties. Gulf South therefore asks the Court to issue an order of condemnation. The Landowners first contend that the Court lacks jurisdiction over this dispute. Next, the Landowners deny that Gulf South has the right to seek condemnation of their properties. Further, they allege that the correct standard for compensating their loss is the standard of "adequate compensation" found in the Texas Constitution's Article I, Section 17, not "just

compensation" as set out in the takings clause of the Fifth Amendment to the United States Constitution.

Gulf South has filed motions for both partial summary judgment and for a preliminary injunction granting immediate possession. (Dkts. 48, 49). The motion for partial summary judgment seeks an order granting: "(i) the taking of the easement interest in the Properties; (ii) immediate entry and possession of the easement interests being taken; and (iii) the ascertainment and award of just compensation and damages to the Defendants." Dkt. 48-1, at 2. The motions have been fully briefed, and the Court held an evidentiary hearing on November 14, 2016. On November 15, 2016, the parties announced that they had reached an agreement on the majority of the claims. Pursuant to a finding that this Court has subject-matter jurisdiction over this claim, the parties agree that Gulf South's motion for partial summary judgment should be granted as to all issues except that of determining compensation. The Landowners agree not to appeal such an order. The parties also agree that Gulf South is entitled to immediate possession of the easement interests of the properties as denoted in Gulf South's complaint. In exchange, Gulf South has agreed to immediately compensate the Landowners. Such compensation shall serve as credit against a final determination of compensation, but does not require repayment in the event that the final determined value is less than that already extended in credit.

In light of the parties' stipulations and agreements on the record, the Court therefore **GRANTS** the preliminary injunction, as stated on the record. Further, in light of the parties' stipulations and agreements on the record, the Court **GRANTS** the motion

for partial summary judgment, in part, as stated by the record. The ultimate determination of compensation remains to be decided.

## THE NATURAL GAS ACT

The Natural Gas Act ("NGA"), as administered by FERC, regulates the interstate transportation and sale of natural gas. 15 U.S.C. § 717(a). Any private company wishing to transport natural gas—or build facilities for such transport—must first receive FERC's authorization for its proposed project. 15 U.S.C. § 717f(c). FERC authorizes such a project by issuing a Certificate of Public Convenience and Necessity. *Id*. Among other things, authorization requires a finding that the transport of natural gas is in interstate commerce. 15 U.S.C. § 717f(e). The NGA does not apply to the *intra*state transportation of natural gas. 15 U.S.C. § 717(b).

Within thirty days after a certificate has been issued, an aggrieved party may apply for a rehearing. 15 U.S.C. § 717r(a). After FERC conducts a rehearing or declines to do so, the party may then seek judicial review with the applicable United States Court of Appeals. 15 U.S.C. § 717r(b). The party must file its request for review within "sixty days after the order of the Commission upon the application for rehearing." *Id*. The circuit court has exclusive jurisdiction over the validity of a FERC certificate. Objections to the certificate may not be considered by the court "unless such objection shall have been urged before the Commission in the application for rehearing unless there is a reasonable ground for failure to do so." *Id*.

A company holding a certificate that is unable to acquire the necessary right of way to complete the project may exercise the right of eminent domain in state court or in

federal district court. 15 U.S.C. § 717f(h). A district court has jurisdiction to hear an eminent domain claim only where "the amount claimed by the owner of the property to be condemned exceeds $3,000." *Id*.

## DISCUSSION

The only issues to be decided here are jurisdictional: 1) whether this Court has subject-matter jurisdiction to decide the condemnation claim; 2) whether FERC had jurisdiction to issue its certificate; and 3) whether this Court has subject-matter jurisdiction to review the validity of the certificate. The Landowners argue that FERC lacked jurisdiction to issue the certificate. The Landowners further argue that the Court has subject-matter jurisdiction to rule on the invalidity of the certificate, but that it lacks jurisdiction to hear the condemnation claim. The Court addresses each argument in turn.

**1. FERC had jurisdiction to issue the certificate.**

The Landowners assert that FERC lacked jurisdiction to issue the certificate because Gulf South's project involves an entirely intrastate pipeline. Here, the FERC certificate stated that, "Because the proposed facilities will be used to transport natural gas in interstate commerce subject to the Commission's jurisdiction, the construction and operation of the facilities are subject to the requirements of subsections (c) and (e) of section 7 of the NGA." Assuming, *arguendo*, that the Court had jurisdiction to review a FERC certificate, it would therefore likely find that FERC had jurisdiction to issue the certificate. However, the Court is not required—and indeed, is not permitted—to review FERC's decision to issue the certificate.

**2. This Court lacks jurisdiction to review the certificate.**

The NGA and FERC procedures provide a comprehensive process for challenging a FERC certificate. Once FERC grants the certificate, parties have thirty days to request a rehearing. The party may then seek judicial review with a U.S. Court of Appeals. This appeal of the FERC order is direct—bypassing federal district court altogether—and the Court of Appeals's jurisdiction is exclusive.

Whether FERC had jurisdiction to issue a certificate is a question that is therefore outside this Court's jurisdiction. A district court is limited to determining whether the certificate is valid on its face. *USG Pipeline Co. v. 1.74 Acres in Marion County, Tennessee*, 1 F.Supp. 2d 816, 821 (E.D. Tenn. 1998). "Barring glaring errors within the four corners of the Certificate, the Court may not look beyond the Certificate itself to determine validity." *Id*. Here, the Landowners declined to avail themselves of any valid opportunity for challenging a FERC certificate. They are now time-barred from making such a challenge. Further, there is ample evidence within the four corners of the certificate that the Gulf South project is interstate in nature. The Court thus finds that the certificate is valid on its face, and therefore lacks jurisdiction for further review.

### 3. The Court has subject-matter jurisdiction over the condemnation claim.

The Landowners assert that the Court lacks jurisdiction over the condemnation proceeding because the Landowners never claimed that the value of their property exceeded $3,000. The Seventh Circuit recently provided persuasive authority on "whether federal jurisdiction can be defeated by the owner's refusing to specify the amount that he is claiming" in an NGA condemnation claim. *ANR Pipeline Co. v. 62.026*

*Acres of Land*, 389 F.3d 716 (7th Cir. 2004). Judge Posner likened the situation here to that in which a plaintiff defeats diversity jurisdiction by claiming no more than $75,000. Judge Posner then distinguished the two situations. In the latter example, the plaintiff commits to seeking no more than $75,000. However, "we do not have such a commitment here, and its absence has implications for what the [Landowners] are really after—what, *realistically*, they are claiming." *Id*. The court found that the Landowners were "undoubtedly trying to force [the company] to proceed in state court, where they may be able to extract a larger judgment. We think they are therefore 'claiming,' within the meaning of the statute, compensation in excess of $3,000." *Id*. Here, the record clearly shows that the Landowners are claiming an amount in excess of $3,000 for the purposes of 15 U.S.C. § 717f(h). The Court therefore has jurisdiction over this condemnation proceeding.

## CONCLUSION

For reasons herein discussed, the FERC certificate facially established its jurisdiction to authorize the project. This Court therefore lacks jurisdiction to review the certificate. Further, the Court has subject-matter jurisdiction over the condemnation claim. Because the necessary jurisdiction exists, the Court **GRANTS**, as discussed, Gulf South's motions for partial summary judgment and for preliminary injunction.

SIGNED at Galveston, Texas, this 22nd day of November, 2016.

George C. Hanks Jr.
United States District Judge